IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

DAVID LEE LONG, #204 928           *

    Petitioner,                           *

        v.                                  *       2:07-CV-156-WKW
                                                (WO)
GRANT CULLIVER, WARDEN,            *
*et al.*,
                                          *

    Respondents.

_____

**ORDER ON MOTION**

This case was instituted following Petitioner's filing of a request for appointment of counsel prior to the filing of a § 2254 petition. In support of his motion, Petitioner states that the Anti-Drug Abuse Act of 1988 mandates appointment of counsel for all indigent capital prisoners seeking habeas corpus or other federal post-conviction relief. Petitioner also cites to *McFarland v. Scott*, 512 U.S. 849 (1994) wherein the Supreme Court held that "the language and purposes of [21 U.S.C. ] § 848(q)(4)(B) [repealed] and its related provisions establish that the right to appointed counsel includes a right to legal assistance in the preparation of a habeas corpus application. We therefore conclude that a 'post conviction proceeding' within the meaning of § 848(q)(4)(B) is commenced by the filing of a death row defendant's motion requesting the appointment of counsel for his federal habeas corpus proceeding." *Id.* at 855-57.

The court takes judicial notice of its own records which reflect that Petitioner is serving a sentence of life without the possibility of parole as a result of his convictions for

capital murder in violation of Ala. Code § 13A-5-40(a)(17) and attempted murder in violation of Ala. Code § 13A-4-2 entered against him by the Circuit Court for Montgomery County, Alabama.  *See Long v. Bullard*, Civil Action No. 2:02-CV-561-MHT (M.D. Ala. 2004).  Petitioner is not subject to a death sentence.  He is not entitled to appointment of counsel in a § 2254 proceeding.  The provisions of 28 U.S.C. § 2261 govern the appointment of counsel to prisoners in State custody subject to a sentence of death. In light of the foregoing, Petitioner's motion is due to be denied.

Accordingly, it is

ORDERED that Petitioner's Motion for Appointment of Counsel (Doc. No. 1) be and is hereby DENIED.

Done, this 23rd day of February 2007.


     /s/ Wallace Capel, Jr.
     WALLACE CAPEL, JR.
     UNITED STATES MAGISTRATE JUDGE