IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

DAVID LEE LONG, #204 928          *

    Petitioner,                    *

      v.                          *          2:07-CV-156-WKW
                                              (WO)
GRANT CULLIVER, WARDEN,            *
*et al.*,
                                  *
    Respondents.

_____

**ORDER**

Petitioner filed the above-captioned case on February 22, 2007. He initiated the matter by filing a request for counsel prior to the filing of a 28 U.S.C. § 2254 petition. That request was denied for the reasons set forth in the court's February 23, 2007 order. (*See* Doc. No. 3.)

Petitioner is advised that this court is not authorized to consider a second or successive habeas corpus petition without an order from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive application for habeas corpus relief.[1] *See* 28 U.S.C. § 2244(b)(3);[2] *Gilreath v. State Board of Pardons and Paroles*, 273 F.3d 932, 933 (11th

_____

[1] The records of this court reflect that Petitioner previously filed a habeas corpus petition challenging his convictions for capital murder and attempted murder entered against him by the Circuit Court for Montgomery County, Alabama, and for which he is serving a sentence of life without the possibility of parole. *See Long v. Bullard*, Civil Action No. 2:02-CV-561-MHT (M.D. Ala.).

[2] 28 U.S.C. § 2244(b)(3)(B) provides, as amended, that: "[A] motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals."

Cir. 2001); *Felker v. Turpin*, 83 F.3d 1303, 1305-07 (11th Cir. 1996).[3] Thus, if Petitioner is seeking once again to challenge convictions previously reviewed by this court in a prior habeas corpus petition, the court would lack jurisdiction to consider it. (*Id*.) In light of the foregoing, it is

ORDERED that on or before March 12, 2007 Petitioner shall inform the court of the nature of the action sought to be filed by initiation of this matter and the true nature of the relief sought.

Done, this 26th day of February 2007.

      /s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE

---

[3]Under the amendments to 28 U.S.C. § 2254, a second or successive petition must be certified as provided in § 2244 by a panel of the appropriate court of appeals to contain--(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense, or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.